IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| NICHOLAS J. QUEEN | § | |
| VS. | § | CIVIL ACTION NO. 1:07cv667 |
| UNITED STATES FEDERAL BUREAU OF PRISONS | § | |

<u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Nicholas J. Queen, an inmate at the United States Penitentiary in Beaumont, Texas, proceeding *pro se,* brings this lawsuit against the United States Federal Bureau of Prisons.

<u>Discussion</u>

Plaintiff complains that he has been denied access to the courts. On March 21, 2007, plaintiff alleges he was told to exit the law library without being allowed to gather his legal materials to take with him.

Plaintiff submitted an application to proceed *in forma pauperis* in this action.

<u>Analysis</u>

*Section 1915(g)*

Title 28 U.S.C. § 1915(g) prohibits prisoners from repeatedly filing frivolous or malicious complaints. Section 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action [*in forma pauperis*] . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief

may be granted, unless the prisoner is under imminent danger of serious physical injury.

Prior to the date on which he filed this lawsuit, plaintiff has on at least five prior occasions, while incarcerated, brought actions or appeals that were dismissed as frivolous, malicious, or for failing to state a claim upon which relief may be granted.[1] As a result, plaintiff is barred from bringing this action *in forma pauperis* unless he was in imminent danger of serious physical injury at the time he filed this lawsuit. *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998).

As set forth above, plaintiff has had at least five prior lawsuits or appeals dismissed as frivolous, malicious, or for failure to state a claim. The factual allegations set forth in the complaint do not demonstrate that he is in "imminent danger of serious physical injury." Section 1915(g) therefore bars plaintiff from proceeding further with this lawsuit on an *in forma pauperis* basis.

---

[1] *See Queen v. FBI*, No. 2:04cv21 (E.D. Pa. Feb. 5, 2004) (dismissed as frivolous); *Queen v. Conaboy*, No. 04-2300 (3rd Cir. Nov. 18, 2004) (appeal dismissed as frivolous); *Queen v. Bureau of Prisons*, Civil Action No. 3:05cv2378 (M.D. Pa. Nov. 29, 2005) (dismissed as frivolous); *Queen v. United States Marshals Service*, Civil Action No. 1:06cv528 (D. Md. Mar. 22, 2006) (dismissed pursuant to 28 U.S.C. § 1915(e) as strike under PLRA); and *Queen v. Chambers*, 3:06cv615 (M.D. Pa. Apr. 6, 2006) (dismissed as frivolous).

<u>Conclusion</u>

For the reasons set forth above, this action will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).  An appropriate final judgment shall be entered in accordance with this Memorandum Opinion.

**SIGNED** this the **6**  day of **November, 2007.**

_____
Thad Heartfield
United States District Judge